1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JACKIE M. JOHNSON,                              No. 2:15-cv-1676-CMK-P

12              Plaintiff,

13         vs.                                        <u>ORDER</u>

14    CHANAN, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a former prisoner proceeding pro se, brings this civil rights action

18    pursuant to  42 U.S.C. § 1983.   Pending before the court is plaintiff's amended complaint (Doc.

19    6).  The court previously screened plaintiff's original complaint, and determined plaintiff failed

20    to state a claim.  Plaintiff was ordered to show cause why this case should not be dismissed for

21    failure to state a claim.   Plaintiff failed to respond to the order to show cause, instead filing the

22    amended complaint.

23              As plaintiff was previously informed, the court is required to screen complaints

24    brought by prisoners seeking relief against a governmental entity or officer or employee of a

25    governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion

26    thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be

                                                 1

1    granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28

2    U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

3    complaints contain a "short and plain statement of the claim showing that the pleader is entitled

4    to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and

5    directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P.

6    8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the

7    plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129

8    (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts

9    by specific defendants which support the claims, vague and conclusory allegations fail to satisfy

10   this standard.  Additionally, it is impossible for the court to conduct the screening required by

11   law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

13           Plaintiff's amended complaint is just as difficult to understand as his original

14   complaint.  In his original complaint, plaintiff appeared to be challenging the depravation of his

15   personal property.  In his amended complaint, it appears he is claiming that his property was

16   destroyed in retaliation to a lawsuit he filed.  There are other vague allegations of mistreatment.

17   However, those allegations appear to be unrelated to any retaliation or property claims plaintiff

18   may have.  The other allegations are too vague for the court to understand.

## II.  DISCUSSION

20           As the court previously stated, where a prisoner alleges the deprivation of a liberty

21   or property interest caused by the unauthorized action of a prison official, there is no claim

22   cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy.

23   See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533

24   (1984).  A state's post-deprivation remedy may be adequate even though it does not provide

25   relief identical to that available under § 1983.  See Hudson, 468 U.S. at 531 n.11.  An available

26   state common law tort claim procedure to recover the value of property is an adequate remedy.

See <u>Zinermon</u>, 494 U.S. at 128-29. The Ninth Circuit has concluded that "California law
provides an adequate post-deprivation remedy for any property deprivations." <u>Barnett v.
Centoni</u>, 31 F.3d 813 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Thus, in California,
the negligent or intentional depravation of a prisoner's property fails to state a due process claim
under§ 1983. <u>See id.</u>

To the extent plaintiff now claims the property was destroyed as retaliation, the
allegations in the amended complaint, to the extent the court can understand them, are
insufficient to state a claim for retaliation. In order to state a claim under 42 U.S.C. § 1983 for
retaliation, the prisoner must establish that he was retaliated against for exercising a
constitutional right, and that the retaliatory action was not related to a legitimate penological
purpose, such as preserving institutional security. <u>See Barnett v. Centoni</u>, 31 F.3d 813, 815-16
(9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific
link between the alleged retaliation and the exercise of a constitutional right. <u>See Pratt v.
Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138-
39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was
chilled, though not necessarily silenced, by the alleged retaliatory conduct. <u>See Resnick v.
Hayes</u>, 213 F.3d 443, 449 (9th Cir. 2000), <u>see also Rhodes v. Robinson</u>, 408 F.3d 559, 569 (9th
Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for
retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was
taken because the inmate engaged in protected conduct; (3) the adverse action chilled the
inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate
penological purpose. <u>See Rhodes</u>, 408 F.3d at 568.

Plaintiff makes some vague allegations that he was retaliated against after filing a
lawsuit. However, his vague allegations are insufficient for the court to understand what
happened. He does not make it clear who retaliated against him, why he was retailed against,
how the alleged retaliation chilled his First Amendment rights or otherwise harmed him, and

3

whether such action could have served a legitimate penological purpose. Essentially, the allegations in the amended complaint are so vague and conclusory that it simply fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

As the amended complaint fails to state a claim, it will be dismissed. Plaintiff will be provided one more opportunity to file a complaint that states a claim. Plaintiff is cautioned that to state a claim under 42 U.S.C. § 1983, he must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### III. CONCLUSION

If plaintiff chooses to amend the complaint, he is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without

reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint is dismissed with leave to amend; and

2.  Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED:  July 24, 2018

_Craig M. Kellison_
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE